Dismissed and Opinion filed October 10, 2002









Dismissed and Opinion filed October 10, 2002.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00940-CR

____________

 

BRANDON WAYNE WORSHAM, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 263rd District Court

Harris County, Texas

Trial
Court Cause No. 885,122

 



 

M E M O R A N D U M  O
P I N I O N

Appellant entered a guilty plea, without an agreed
recommendation as to punishment, to the offense of sexual assault of a
child.  On July 26, 2002, appellant was
sentenced to confinement for eight years in the Institutional Division of the
Texas Department of Criminal Justice. 
Appellant=s pro se notice of appeal was not filed until August 28,
2002.[1]








To invoke an appellate court=s jurisdiction over an appeal, an
appellant must give timely and proper notice of appeal.  White v. State, 61 S.W.3d 424, 428
(Tex. Crim. App. 2001).  A defendant=s notice of appeal must be filed
within thirty days after sentence is imposed when the defendant has not filed a
motion for new trial.  See Tex. R. App. P. 26.2(a)(1).  If an appeal is not timely perfected, a court
of appeals does not obtain jurisdiction to address the merits of the
appeal.  Under those circumstances, it
can take no action other than to dismiss the appeal.  Slaton v. State, 981 S.W.2d 208, 210
(Tex. Crim. App. 1998).

On September 23, 2002, notice of the Court=s intention to dismiss the appeal for
want of jurisdiction was transmitted to the parties.  On September 27, 2002, appellant=s appointed counsel filed a motion
for extension of time to file the notice of appeal.  In the motion, counsel asserts that he was
not appointed to represent appellant until September 4, 2002, and appellant=s notice of appeal was filed untimely
due to a miscommunication with appellant=s former counsel.  

A motion for extension of time to file the notice of appeal
must be filed within fifteen days after the deadline for filing the notice of
appeal.  Tex. R. App. P. 26.3. 
Appellant=s notice of appeal was due August 26, 2002.[2]  The motion for extension of time, filed
thirty-two days later, is untimely.  The
Court of Criminal Appeals has held:

When a notice of appeal, but no motion for extension
of time, is filed within the fifteen‑day period, the court of appeals
lacks jurisdiction to dispose of the purported appeal in any manner other than
by dismissing it for lack of jurisdiction.








Olivo v. State,
918 S.W.2d 519, 523 (Tex. Crim. App. 1996). 
The court held that a court of appeals could not utilize the rule‑suspension
provision of former rule 2(b)[3]
or former rule 83[4]
to obtain jurisdiction, even though the Texas Supreme Court has followed a more
liberal policy.  Id. at 523‑24;
cf. Verburgt v. Dorner, 959 S.W.2d 615 (Tex. 1997) (holding that a
motion for extension of time was implied when a party, acting in good faith,
filed an instrument to perfect an appeal within the 15‑day period
permitted by former rule 41(a)(2)  for
filing an extension).  The decision in Olivo
was unchanged by the revisions to the Texas Rules of Appellate Procedure.  Slaton, 981 S.W.2d at 209-10
(confirming that Athe rationale in Olivo is still valid@). 
Therefore, we must deny appellant=s motion for extension of time to
file the notice of appeal.  

Accordingly, the appeal is ordered dismissed.

 

PER CURIAM

 

Judgment rendered and Opinion
filed October 10, 2002.

Panel consists of Chief Justice
Brister and Justices Hudson and Fowler.

Do Not Publish ‑ Tex. R. App. P. 47.3(b).

 











[1]  The record
includes a copy of the envelope bearing an August 27, 2002 postmark,
establishing the notice was mailed one day after its due date.  Thus, appellant cannot benefit from the
mailing rule.  See Tex. R. App. P. 9.2(b).





[2]  See Tex. R. App. P. 26.2 and Tex. R. App. P. 4.1.





[3]  See now Tex. R. App. P. 2.





[4]  See now
Tex. R. App. P. 44.3.